# COLEMAN PLLC

PHONE (877) 333-9427 | FAX (888) 498-8946  NEW YORK | NEW JERSEY | FLORIDA
EMAIL: LAW@STEFANCOLEMAN.COM  CLASSACTION.WS

<u>*VIA ECF*</u>
February 15, 2023

The Honorable Nina R. Morrison
U.S. District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: ***Kyle Nicholas Gadke v. New York Tribeca Group, LLC***
          Case No. 1:22-cv-07810-NRM-RER
          Plaintiff's Opposition to Defendant's Letter

Dear Judge Morrison:

      This letter responds to Defendant New York Tribeca Group's letter requesting a pre-motion conference for the purpose of filing a motion to dismiss Plaintiff's Florida Telephone Solicitation Act claims. None of Defendant's arguments justify dismissal.

      *First*, Plaintiff sufficiently alleges jurisdiction under the Class Action Fairness Act. Specifically, Plaintiff alleges that (1) there are thousands of class members who received violative calls (2) entitling them to $1,500 in statutory damages per violation and more than $5,000,000 in aggregate statutory damages,[1] and (3) that as a result of alleging Florida only classes, there is minimal diversity because Defendant is a New York company and at least one class member is a resident and citizen of Florida (Plaintiff). Complaint, ECF 1, at ¶ 1-6, 16, 19.

      *Second,* Defendant misstates the law relevant to determining Plaintiff's standing to assert a claim based on the receipt of telemarketing text messages, relying on Eleventh Circuit precedent that

---

[1] Plaintiff received 3 violative text messages, entitling him to $4,500 in statutory damages. Assuming a similar number of violative text messages per class member, there would need to be 1,112 class members to satisfy CAFA's amount in controversy requirement. Given the en masse nature of automated telemarketing like the Defendant's, it is more than reasonable to assume that the class exceeds 1,112 class members. However, to the extent additional proof is required, Plaintiff respectfully requests jurisdictional discovery.

is directly contrary to Second Circuit law. *Compare Frater v. Lend Smart Mortg., LLC*, No. 22-22168-Civ, 2022 U.S. Dist. LEXIS 175183, at *4 (S.D. Fla. Sep. 27, 2022) (relying on the Eleventh Circuit's ruling as to TCPA standing in *Salcedo v. Hanna*, 936 F.3d 1162, 1172 (11th Cir. 2019)) *with* Hawkins v. Well Path, LLC, No. 19 CV 8969 (VB), 2020 U.S. Dist. LEXIS 132137, at *7-9 (S.D.N.Y. July 27, 2020) ("'Insofar as the TCPA protects consumers from certain telephonic contacts,' Barnett's allegations that she suffered actual harm—for example, an invasion of her privacy, aggravation, inconvenience, annoyance, disturbance, and intrusion on seclusion—describe 'more than a bare violation' of the TCPA, and, accordingly, in this Circuit, "satisfies the concrete-injury requirement for standing.' *See Leyse v. Lifetime Entm't Servs., LLC*, 679 F. App'x 44, 46 (2d Cir. 2017) (summary order). … Moreover, the Court is not persuaded by defendant's argument that *Salcedo v. Hanna* precludes Barnett from plausibly alleging a concrete injury.").

*Third*, the FTSA's express language encompasses calls into Florida like Defendant's text messages to Plaintiff. It does not attempt to regulate wholly out of state conduct. Here is what the statute says: "'Doing business in this state' means businesses that conduct telephonic sales calls from a location in Florida ***or from other states or nations to consumers located in Florida***." Fla. Stat. § 501.059(1)(e). The statute in turn prohibits autodialed and certain other calls by "any telephone solicitor," which "means a … corporation … doing business in this state." Id. at §§ (1)(i), (2), (4). Defendant's reliance on the legislature's purported intent cannot overcome the plain and unambiguous language of the statute.

*Fourth*, Plaintiff sufficiently pleads that the equipment Defendant used to text message him constitutes an autodialer under the FTSA by alleging the facts and circumstances relating to the text messages supporting such a conclusion, including that the text messages were unsolicited, commercial, generic, and from a spoofed number that could not be called back, that the system used to send the text messages was designed to identify and automatically respond to certain keywords,

# COLEMAN PLLC

like STOP, and that other consumers have complained about receiving similar, types of communications from Defendant. *See Scott v. 360 Mortg. Grp., LLC*, No. 17-cv-61055, 2017 U.S. Dist. LEXIS 207513, at *17 (S.D. Fla. Dec. 14, 2017) ("Plaintiffs alleging the use of a particular type of equipment under the TCPA are generally required to rely on indirect allegations, such as the content of the message [or] the context in which it was received . . . to raise an inference that an automated dialer was utilized. Prior to the initiation of discovery, courts cannot expect more."); *Wilson v. Quest Diagnostics Inc.*, No. 2:18-11960, 2018 U.S. Dist. LEXIS 212023, at *8-11 (D.N.J. Dec. 10, 2018) ("During discovery, the parties can explore the actual configuration of the dialing equipment used to call Plaintiff…").

*Fifth*, Plaintiff has not asserted a claim under the National Do Not Call Registry. Plaintiff has asserted a claim under the FTSA, which prohibits calls to Florida's no solicitation calls list. It is therefore irrelevant whether the Plaintiff is entitled to pursue a claim under the National Do Not Call Registry, which in any event, is a disputed issue of fact that cannot be determined on a motion to dismiss relying on the supposed veracity of unsubstantiated third party websites.

Ultimately, Defendant Tribeca should be precluded from filing a factually and legally baseless motion that will serve only to delay the action.

Respectfully submitted,
 *s/ Stefan Coleman*
Stefan Coleman, Esq.