UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| Kyle Nicholas Gadke., individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 1:22-cv-07810-NRM-RER |
| v. | ) ) ) | |
| New York Tribeca Group, A New York limited liability company, | ) ) ) ) | |
| Defendant. | ) ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY[1]

Defendant, New York Tribeca Group ("Tribeca") hereby provides its notice of supplemental authority with respect to its pending Motion to Dismiss Plaintiff's Complaint[2].

The underlying matter arises out of Plaintiff's claims under the Florida Telephone Solicitation Act ("FTSA"). Plaintiff's claim is predicated upon the receipt of three allegedly unsolicited text messages that he claims to have received in January and February 2022. On May 2, 2023, the Florida Legislature passed an amendment to the FTSA altering the manner in which consumers may bring claims predicated upon the unauthorized receipt of text messages:

> Before the commencement of any action for damages under this section for text message solicitations, the called party must notify the telephone solicitor that the called party does not wish to receive text messages from the telephone solicitor by replying "STOP" to the number from which the called party received text messages from the telephone solicitor. Within 15 days after receipt of such notice, the telephone solicitor shall cease sending text message

---

[1] Pursuant to Judge Morrison's Individual Practice Rules, "[n]otices of supplemental authority regarding decisions issued after the completion of briefing may be filed without leave of court." See Rule 5.3.3.

[2] The parties submitted their briefing bundle on May 4, 2023. (DE # 14-16).

> solicitations to the called party and may not send text messages to the called party thereafter, except that the telephone solicitor may send the called party a text message to confirm receipt of the notice. The called party may bring an action under this section only if the called party does not consent to receive text messages from the telephone solicitor and the telephone solicitor continues to send text messages to the called party 15 days after the called party provided notice to the telephone solicitor to cease such text messages.

*See* HB 761, § 10(c), attached as Exhibit A. Notably, the act provides that "[t]he amendments made by this act apply to any suit filed on or after the effective date of this act and <u>to any putative class action not certified on or before the effective date of this act</u>." HB 761, Section 2 (emphasis added). HB 761 was signed into law by Governor DeSantis on May 25, 2023.

In the underlying matter, Plaintiff alleges that he received three text messages, all of which provided him with the ability to "STOP to end" (Plaintiff's Compl., ¶ 16) or "Txt STOP to OptOut." (*Id.*, at ¶ 19). Plaintiff never alleges that he replied "STOP" to any of the text messages or otherwise alerted Tribeca that he no longer wished to receive the text messages at issue. *See* Plaintiff's Compl., *generally*. Certainly, having not requested that the messages STOP, Plaintiff never alleges that he provided Tribeca with the 15-day grace period to cease sending text messages to his telephone number. And, absent such allegations, Plaintiff's claim should be dismissed as a matter of law.

Respectfully submitted,

NEW YORK TRIBECA GROUP
By its counsel,

Dated: June 14, 2023.            */s/ Jeff Rosin*
                                          Jeffrey Rosin (#3026952)
                                          O'Hagan Meyer, PLLC
                                          111 Huntington Avenue, Suite 719
                                          Boston, MA 02199
                                          Telephone:    (617) 843-6800
                                          Facsimile:     (617) 843-6810
                                          aschneiderman@ohaganmeyer.com

## **CERTIFICATE OF SERVICE**

     I, Andrew M. Schneiderman, hereby certify that on this 14th day of June, 2023, I caused the foregoing *Notice of Supplemental Authority* to be served via the Court's ECF Filing System and through that system, it will be served upon registered counsel by email.

                                                          */s/ Andrew M. Schneiderman*
                                                          Andrew M. Schneiderman