UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
KYLE NICHOLAS GADKE,
individually and on behalf of all others
similarly situated,

                Plaintiff,

-against-

NEW YORK TRIBECA GROUP, a New
York Limited Liability Company,

                Defendant.
-------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 1:22-CV-07810 (FB) (JAM)

*Appearances*:

*For Plaintiff*:
STEFAN COLEMAN
Coleman, PLLC
11 Broadway, Suite 615
New York, NY 10001

AVI R. KAUFMAN
Kaufman P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133

*For Defendant*:
JEFFREY M. ROSIN
O'Hagan Meyer, PLLC
111 Huntington Ave, Suite 719
Boston, MA 02199

**BLOCK, Senior District Judge**:

Plaintiff Kyle Nicholas Gadke ("Plaintiff"), a Florida resident, brought this putative class action on behalf of himself and all other similarly situated individuals against Defendant New York Tribeca Group, LLC ("Defendant") for alleged violations of the Florida Telephone Solicitation Act ("FTSA"). Jurisdiction is

1

premised on diversity under the Class Action Fairness Act, and the action was brought here presumably because Defendant is domiciled in New York. Defendant now moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

For the following reasons, Defendant's motion is granted.

I.

The following facts are taken from the Complaint. For the purposes of this motion, the Court accepts them as true and draws all reasonable inferences in favor of Plaintiff. *See Peretti v. Authentic Brands Grp.*, 33 F.4th 131, 137 (2d Cir. 2022).

On January 6, 2022, Plaintiff registered his cell phone number on the National Do Not Call registry. On January 26, 2022, and on February 10, 2022, Plaintiff received unsolicited text messages to his cell phone from Defendant, a New York LLC that provides financing solutions to businesses. The generic and identical text messages offered Plaintiff financing options for his business and used automated systems designed to identify and respond to certain keywords like "STOP." The phone numbers that Plaintiff received the text messages from were not capable of receiving calls so Plaintiff could not reach Defendant by calling the numbers back.

In December 2022, Plaintiff filed a class action complaint against Defendant on behalf of himself and similarly situated individuals. His Complaint alleges

three classes and raises a claim for relief for each class under the FTSA, Fla. Stat. § 501.059 (2023), requesting a declaratory judgment, statutory damages, and an injunction against future calls.

## II.

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The pleading must offer more than "bare assertions," "conclusory" allegations, and a "formulaic recitation of the elements" of a claim. *Id.* at 681.

On May 25, 2023, the Florida Legislature amended the FTSA to preclude complainants from commencing an action for damages under the statute unless they had first notified the solicitor that the did not wish to receive text messages "by replying 'STOP' to the [sending] number."[1] Fla. Stat. § 501.059 (10)(c); *see,*

---

[1] Defendant alerted the Court to the amendment by filing a notice of supplemental authority. *See* ECF 17.

*e.g.*, *Barr v. Macys.com, LLC*, No. 1:22-CV-07867 (ALC), 2023 WL 6393480, at *6 (S.D.N.Y. Sept. 29, 2023) ("To recover damages under the [FTSA], a plaintiff must notify the telephone solicitor that they do not wish to be contacted by texting 'STOP' to the solicitor, and '[w]ithin 15 days after receipt of such notice, the telephone solicitor shall cease sending text message solicitations to the called party[.]'" (quoting Fla. Stat. § 501.059 (10)(c))).  The amendment specifies that the new provision applies to any putative class action not certified before the legislation took effect.  H.B. 761, 28th Leg., 1st Reg. Sess. Section 2 (Fla. 2023) ("The amendments made by this act apply to . . . any putative class action not certified on or before the effective date of this act.").

     Plaintiff has not moved for class certification, so the amendment applies to his action.  His Complaint does not allege that he replied "STOP" to any of the messages that he received.  Nor do the screenshots of the messages that Plaintiff included in the Complaint show a "STOP" message.  Plaintiff instead specifies that he could not reach Defendant upon calling the numbers back after receiving the text messages.  From these facts, the Court can draw no inference that Plaintiff sent a "STOP" message to Defendant as required by the amendment.  Accordingly, Plaintiff is precluded from bringing an FTSA action for damages by the plain text of the statute; Plaintiff's claims for damages are each dismissed as a matter of law.

To the extent the Court has supplemental jurisdiction over Plaintiff's claims for equitable and declaratory relief, the Court declines to exercise it.[2]

### III.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's claims is granted.

**SO ORDERED.**

                                                 _/S/ Frederic Block_____
                                                 FREDERIC BLOCK
                                                 Senior United States District Judge

Brooklyn, New York
January 16, 2024

---

[2] In light of the Court's disposition, the Court need not address the remaining issues.